PER CURIAM.
Petitioner seeks a Writ of Prohibition against the respondent circuit judge, to prohibit him from performing any further acts in this cause because he resigned to run for a vacancy on the Florida Supreme Court pursuant to provisions of Florida Statutes § 99.012, the so-called Resign-to-run Act, and by virtue thereof no longer occupies the office of circuit judge. The respondent Judge’s resignation was accepted by the Governor of the State of Florida effective January 4, 1977.
The question presented here is the effective date of Judge Du Val’s resignation under the Resign-to-run Act, supra. According to this statute, his resignation became effective no later than the earliest of any one of three alternatives: (1) “the date upon which he would assume office, if elected to the office to which he seeks to qualify,” (2) “the expiration date of the term of the office which he presently holds” or (3) “the general election day at which his successor is elected.” Fla.Stat. § 99.012(2).
In this case, the earliest of these three dates would appear to be the “general election day” at which his successor was elected, inasmuch as a successor was elected to fill Judge Du Val’s office commencing January 4, 1977. However, this depends upon the definition of the phrase “general election day.” Florida Statutes § 97.021(3), which is applicable to the statute here under construction, defines a “general election” as one held “on the first Tuesday after the first Monday in November in the even numbered years, for the purpose of filling national, state and county offices.”
Circuit judges are elected at a nonpartisan election which is held concurrently with the primary elections, as provided for in Florida Statutes §§ 100.061 & 100.091.[1] Thus it would appear that Judge Du Val’s successor was not elected during a “general election,” since she was elected during a nonpartisan election which coincided with the regular primary elections. By definition, primary elections expressly precede *1133 the “general election: 021(1). Fla.Stat. § 97.-
The question then becomes whether the phrase “general election day” as used in the Resign-to-run law can mean something other than the day on which the general election is held. By the clear meaning of the Resign-to-run law and the definition of “general election” under Florida Statutes § 97.021(3), we are of the opinion that Judge Du Val’s successor was not elected at a “general election” as the same is defined in the statute. Consequently, his resignation is' effective January 4, 1977. The Petition for Writ of Prohibition is therefore denied.
Petition denied.
NATHAN, J., concurs in the result only.

. Nonpartisan election of judicial officers is provided for in Florida Statutes § 105.021.